```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII


THE JLH TRUST; KEITH A.        )   CIV. NO. 06-00542 SOM/LEK
WAIBEL; and WENDY OATES        )   (consolidated cases)
                               )
          Plaintiffs,          )
                               )
     vs.                       )   ORDER GRANTING MOTIONS FOR
                               )   DEFAULT JUDGMENT FILED ON
JAMES W. LULL; U.S. FINANCIAL  )   FEBRUARY 26, 2010 (DOCKET
MORTGAGE CORP.; and KAPAA      )   NOS. 117, 118, 119, AND 120)
382, LLC,                      )
                               )
          Defendants.          )
_____)
                               )
CONSOLIDATED WITH: Deal v.     )
Lull, Civ. No. 07-00292        )
SOM/BMK, and Waibel v. Lull,   )
Civ. No. 07-00424 SOM/BMK      )
_____)
```

ORDER GRANTING MOTIONS FOR DEFAULT JUDGMENT FILED ON
FEBRUARY 26, 2010 (DOCKET NOS. 117, 118, 119, AND 120)

        On October 30, 2008, Plaintiffs Wendy Oates, The JLH Trust, and Keith A. Waibel filed a First Amended Complaint against Defendants James W. Lull, U.S. Financial Mortgage Corp., and Kapaa 382, LLC. On November 3, 2008, in a consolidated case, Plaintiff Chad deal filed a Third Amended Complaint against the same Defendants. The complaints allege that various loans were made to Lull in connection with an Ala Moana Hotel project and that these loans were never repaid.

        The First Amended Complaint alleges that Defendant U.S. Financial Mortgage "was the employer and/or principal of co-defendant James W. Lull, and in such capacity, was aware of and

approved of, and/or ratified all of his actions which constitute the basis for the instant suit." Id. ¶ 4.  The First Amended Complaint generally avers that U.S. Financial Mortgage participated in fraudulent conduct by Lull.  See id. ¶¶ 8-16.

The First Amended Complaint asserts that U.S. Financial Mortgage is liable for fraud (Count I) and negligence (Count III).  The First Amended Complaint seeks punitive damages (Count VII) and seeks to hold U.S. Financial Mortgage vicariously liable for Lull's actions (Count VI).  The First Amended Complaint also asserts a RICO claim against U.S. Financial Mortgage, alleging that Lull's diversion of the loan proceeds violated 18 U.S.C. §§ 1962 and 1964.  Id. ¶¶ 24-25.

U.S. Financial Mortgage was served with the original complaint by JLH, Waibel, and Oates, answering it on December 13, 2006.  See Docket No. 7.  JLH, Waibel, and Oates filed their First Amended Complaint on October 30, 2008.  See Docket No. 57. U.S. Financial Mortgage, through its attorney, Steven Guttman of Kessner Umebayashi Bain & Matsunaga, answered the First Amended Complaint on December 13, 2008.  See Docket No. 66.

Plaintiff Chad Deal's action was consolidated with the action filed by JLH, Waibel, and Oates.  On November 3, 2008, Deal filed a Third Amended Complaint in his consolidated case. See Docket No. 59.  Deal alleges that he loaned Lull $252,210.63 at 12% per annum interest.  See Third Amended Complaint ¶ 14(b).

Deal further alleges that "US Financial Mortgage was the employer and/or principal of Defendant James W. Lull, and in such capacity was aware and approved of, and/or ratified all of his actions." Id. ¶ 3.  Deal generally avers that U.S. Financial Mortgage participated in Lull's fraudulent conduct. See id. ¶¶ 14-19.  Deal asserts claims against U.S. Financial Mortgage based on fraud (Count I), deceptive trade practices (Count II), state RICO violations (Count III), negligence (Count IV), vicarious liability (Count V), and negligent entrustment/retention (Count VI).  Deal seeks punitive damages from U.S. Financial Mortgage (Count VIII).  U.S. Financial Mortgage answered Deal's Third Amended Complaint on December 5, 2008.  See Docket No. 63.

On February 12, 2010, Guttman moved to withdraw as counsel for U.S. Financial Mortgage, informing the court that the company had ceased its business operations.  See Docket No. 97.  Guttman provided the court with the address of Scott Scull, the president of U.S. Financial Mortgage.  Guttman told Scull that, as a corporation, U.S. Financial Mortgage could not represent itself and that, if substitute counsel did not promptly make an appearance, default judgment might be entered against it.  Id.  Guttman's motion to withdraw was granted on February 24, 2010.  In the same order, the Magistrate Judge issued an Order to Show Cause why default should not be entered against U.S. Financial Mortgage.  See Order to Show Cause. (Feb. 24, 2010) (Docket No.

3

114).  When U.S. Financial Mortgage did not respond to the Order to Show Cause, the Magistrate Judge entered default against U.S. Financial Mortgage.  See Minutes (Feb. 26, 2010) (Docket No. 116).

On February 26, 2010, motions for default judgment were filed by Plaintiffs Wendy Oates (Docket No. 118), Keith A. Waibel (Docket No. 117), JLH Trust (Docket No. 119), and Chad Deal (Docket No. 120).  U.S. Financial Mortgage filed no opposition to these motions.  Oates, JLH, Waibel, and Deal seek default judgment in the amount of the principal they loaned to Lull plus 12% interest.  The court construes their requests as a waiver of any entitlement to damages over the requested amounts.  Because U.S. Financial Mortgage is no longer contesting this case, the court grants the motions filed by Oates, Waibel, JLH, and Deal for default judgment.  Default judgment is granted in favor of Oates for $629,434.45.  Default judgment is granted in favor of Waibel for $432,410.11.  Default judgment is granted in favor of JLH for $2,474,021.94.  Default judgment is granted in favor of Deal for $383,867.09.

The default judgments entered against Kapaa 382 (Docket Nos. 125-28) are hereby vacated.  Because all claims against all parties in all of the consolidated cases have now been adjudicated or dismissed, the Clerk of Court is directed to enter

4

a single consolidated judgment for Plaintiffs in the amounts set forth in this and prior orders granting motions for default judgment, and to thereafter close this case.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii March 12, 2010.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

The JHL Trust, et al. v. Waibel, et al., 06CV542 SOM/BMK; ORDER GRANTING MOTIONS FOR DEFAULT JUDGMENT FILED ON FEBRUARY 26, 2010 (DOCKET NOS. 117, 118, 119, AND 120)